John Wellington JOHNSON, Appellant,

v.

Walter E. CRAVEN, Warden, Appellee.

No. 22760.

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1970.

Byron Wells (argued), San Jose, Cal., for appellant.

Edsel W. Haws (argued), Deputy Atty. Gen., Doris H. Maier, Ass't. Atty. Gen., Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and POWELL, District Judge.

CHAMBERS, Circuit Judge:

Petitioner, a state prisoner, was convicted in 1963 of two counts of unlawful sale of heroin. The California Supreme

Court vacated the judgment and sentence as to count two on the ground that petitioner's conduct constituted a single offense. In re Johnson, 65 Cal.2d 393, 54 Cal.Rptr. 873, 420 P.2d 393 (1966). In 1967 he filed the petition for a writ of habeas corpus (which we now have) in the Eastern District of California. The district court held a lengthy evidentiary hearing and then denied petitioner's application for relief.

The record of the state court proceedings shows that petitioner was arrested after making a heroin sale to an undercover narcotics agent. Following interrogation at the police station, he was taken to the motel where he and his wife were staying. He consented to having his room searched and during this search the petitioner's wife accompanied the police to his car and gave her consent to a search of the car. In this search the police discovered a piece of paper toweling similar to that in which the heroin had been wrapped.

At his state trial the petitioner testified. He denied that he sold the heroin to the undercover agent. According to his version of the meeting the agent was repaying a loan. Apparently the trial strategy adopted by the petitioner was, "I may have made mistakes in the past but I always tell the truth, and here I was simply being repaid a loan." Then he admitted several prior felony convictions during cross examination. When he was confronted with the towel taken from his car he was surprised but he forthrightly admitted having the towel in his possession.

In this appeal from the denial of habeas corpus relief petitioner alleges two errors in the state court proceedings: an illegal search and seizure, and ineffective assistance of counsel.

■ The district court, in denying petitioner's motion for reconsideration, found that the search and seizure question had never been properly presented to the California courts. Petitioner made reference to the legality of the search and seizure in an application for a writ of habeas corpus filed in the California Supreme Court in 1965 but the petition did not explain his failure to raise the issue on direct review as required by California law. In re Shipp, 62 Cal.2d 547, 43 Cal.Rptr. 3, 399 P.2d 571 (1965).* The district court was entitled to hold that petitioner has failed to exhaust his state remedies on the search and seizure point. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963).

■ Petitioner also alleges that he was denied effective assistance of counsel. At the evidentiary hearing numerous witnesses (including two judges) testified as to the general competency of the petitioner's counsel at the time of the trial. Petitioner specifically complains of the failure of his trial counsel to object to the introduction of the towel. The district court found that the towel was not objected to because to do so would have been inconsistent with the "loan" theory defense, bolstered by the "I always tell the truth" image, adopted by the petitioner. Objection to the introduction of the towel on the basis of ineffective consent on the part of the wife well may have been thought to be inconsistent with this image.

We agree with the finding of the district court that there was no denial of effective assistance of counsel. Petitioner is now complaining about a considered choice of trial tactics which, even if unwise in retrospect, does not rise to the level of a deprivation of due process. Brubaker v. Dickson, 9th Cir., 310 F.2d 30.

The order of the district court denying the application for a writ of habeas corpus is affirmed.

---

* *Shipp* does not preclude habeas consideration if failure to raise the point on trial or direct review did not amount to deliberate by-pass. This question does not appear to have been presented to the California courts and is the very question the federal courts would have to resolve before reaching the merits of the search issue.