[No. F016830. Fifth Dist. Dec. 10, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN SOLORIO LOPEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Robert Spertus, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Garnand Venturi and Alan Ashby, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

VARTABEDIAN, J.—In the published portion of our opinion, we conclude appellant, Ruben Solorio Lopez, was properly convicted of two counts of violating Health and Safety Code section 11352 stemming from a single, indivisible course of conduct. In the unpublished portion of the opinion, we reject appellant's other contentions. We affirm the judgment.

### FACTS AND PROCEEDINGS

While visiting a restaurant supply store, appellant was asked by a police operative, who was employed by the store, if he knew where to buy cocaine.

Appellant responded he could get any amount the operative wanted, including multiple kilogram quantities. A few days later, appellant returned and handed the operative a sample of cocaine.

The police operative put appellant in contact with undercover detective Michael Brand. After Brand had a few meetings and telephone conversations with appellant and appellant's cohort, Benito, a sale of two kilograms of cocaine was agreed upon.

On the day of the sale, May 31, 1991, appellant and Benito arrived together and met with Brand in a parking lot. They told Brand they would get the cocaine, and left the lot. Benito then contacted Brand through Brand's pager, and Brand subsequently spoke to Benito by telephone. Benito changed the meeting place to another parking lot.

At the new location, appellant arrived alone. Appellant directed Brand to a particular area in the parking lot; appellant stayed in his car a short distance away. Benito then arrived in another car. He opened the trunk of that car and showed Brand the cocaine. Appellant, Benito, and several other men were arrested. Officers seized the two kilograms of cocaine from the trunk of the car.

Appellant was charged with two counts of violation of Health and Safety Code section 11352, as follows:

"COUNT ONE

"VIOLATION OF SECTION 11352 OF THE HEALTH AND SAFETY CODE, a felony. The said defendant, on or about May 31, 1991, did willfully and unlawfully offer to sell and furnish a controlled substance, to wit: COCAINE.

"It is further alleged that in the commission of the above offense the said defendant, did offer to sell and furnish more than three pounds of a substance containing COCAINE, within the meaning of Health and Safety Code Section 11370.4(a)(1).

"COUNT TWO

"VIOLATION OF SECTION 11352 OF THE HEALTH AND SAFETY CODE, a felony. The said defendant, on or about May 31, 1991, did willfully and unlawfully transport and offer to transport a controlled substance, to wit: COCAINE.

"It is further alleged that in the commission of the above offense the said defendant did transport and offer to transport and give away more than three pounds of a substance containing COCAINE, within the meaning of Health and Safety Code Section 11370.4(a)(1)."

The jury found appellant guilty of both counts and found true both enhancement allegations. The court sentenced appellant to the middle term of four years on each count, plus three years on each quantity enhancement. The sentence on count two and its enhancement was stayed pursuant to Penal Code section 654.

DISCUSSION

I.

Appellant contends he should have been convicted of only one count of violating Health and Safety Code section 11352, since all of his acts were in furtherance of a single sale of cocaine. Respondent does not dispute that the separate convictions for offering to sell cocaine and transporting cocaine arose from the same transaction. However, argues respondent, dual convictions are permissible in this type of situation; what is prohibited is dual punishment, which did not occur here since the trial court correctly stayed the sentence on the second count. We agree with respondent.

Health and Safety Code section 11352, subdivision (a) provides in relevant part: "[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" substances including cocaine "shall be punished by imprisonment in the state prison for three, four, or five years."

For many years, California courts did not make a clear distinction between double conviction and double punishment as different ways in which trial courts could violate Penal Code section 654. In *In re Johnson* (1966) 65 Cal.2d 393 [54 Cal.Rptr. 873, 420 P.2d 393], petitioner had been convicted of two counts of selling heroin. The convictions arose from events on November 8, 1962: petitioner Johnson sold a "spoon" of heroin to an undercover police agent and agreed to sell five additional spoons if the first spoon was satisfactory. The agent left, purportedly to try out the heroin. He spoke to Johnson about two hours later and bought the remaining spoons of heroin. On appeal, the Supreme Court held: "The basic principle that forbids multiple punishment for one criminal act [citations] precludes infliction of more than one punishment for the present series of acts directed

toward one criminal objective, the single sale of heroin to one customer. (See *Neal* v. *State of California* [(1960)] 55 Cal.2d 11, 18, fn. 1 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Roberts* [(1953)] 40 Cal.2d 483, 491 [254 P.2d 501] . . . .)" (*Id.* at p. 395.) The court reversed one of the counts of sale of heroin.

 Appellant relies heavily on *People* v. *Roberts* (1953) 40 Cal.2d 483 [254 P.2d 501]. In *Roberts*, the defendant was convicted of, inter alia, one count each of transporting, selling, and possessing heroin. All counts arose from a transaction on April 3, 1951. On that occasion, "defendant Roberts drove [codefendant] Syas to the place where the sale was made and remained in his car while Syas got out, handed the heroin to [an undercover officer], and took [the officer's] money. Syas went to Roberts' car with the money and spoke with Roberts. Roberts then drove away, while Syas and [the officer] went to the home of the informer" who had introduced them initially. (*Id.* at p. 487.)

The Supreme Court reversed two of the three convictions: "The information charges and there is evidence that on April 3d defendant Roberts transported, furnished, and possessed heroin. Each of these acts is denounced by [former] section 11500 of the Health and Safety Code. The three acts are charged and adjudged as separate crimes. However, 'cooperative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.' (*People* v. *Clemett* (1929), 208 Cal. 142, 144 . . . .) The present case resembles the Clemett case in that the only possession and transportation of heroin shown were those necessarily incident to its sale." (*People* v. *Roberts, supra,* 40 Cal.2d at p. 491.)

*Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], also cited in *In re Johnson, supra,* 65 Cal.2d 393, used a "multiple punishment" prohibition analysis, even though the court's disposition was reversal of one count of the judgment. In *Neal,* petitioner threw gasoline into the bedroom of the victims, and ignited it. He was convicted of one count of arson and two counts of attempted murder. The court stated, "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal* v. *State of California, supra,* at p. 19.) "In the instant case the arson was the means of perpetrating the crime of attempted murder

. . . ." (*Id.* at p. 20.) "The arson conviction, being in excess of the jurisdiction of the court, is set aside . . . ." (*Id.* at p. 21.)[1]

Finally, in *People* v. *Pearson* (1986) 42 Cal.3d 351, 358-359 [228 Cal.Rptr. 509, 721 P.2d 595], the court recognized that its previous opinions had sometimes blurred the line between prohibiting double conviction and prohibiting double punishment. "Our later cases, however, reaffirmed that [Penal Code] section 654 bars multiple punishment, not multiple conviction." (*Id.* at p. 359.) Thus, stay of the duplicative judgment is the appropriate remedy, not reversal of the conviction. Such a stay is effective to preclude any future use of the duplicative conviction for enhancement purposes. (*Id.* at p. 361.)

*People* v. *Pearson, supra,* 42 Cal.3d 351 and *Neal* v. *State of California, supra,* 55 Cal.2d 11 involved multiple charges under *different* code sections. Appellant, accordingly, asserts that the rule of *People* v. *Roberts, supra,* 40 Cal.2d 483 continues to require reversal of all but one of the multiple convictions when two or more offenses under the *same* code section arise from a continuous course of conduct evidencing a single objective or purpose. Appellant thus concludes the *Neal/Pearson* rule applies only where the crimes are charged under different sections.

To the contrary, based on *In re Adams* (1975) 14 Cal.3d 629 [122 Cal.Rptr. 73, 536 P.2d 473], we conclude the *Neal/Pearson* rule has superseded *Roberts* insofar as *Roberts* is inconsistent.

In *In re Adams, supra,* 14 Cal.3d 629, petitioner had been convicted of five drug offenses arising out of his transportation and delivery of five different drugs in a single transaction. Transportation of Seconal and Benzedrine was punishable under Health and Safety Code section 11379, heroin and pantopon under Health and Safety Code section 11352, and marijuana under Health and Safety Code section 11360. The court said: "In the instant case, the evidence discloses that petitioner simultaneously transported a variety of illegal drugs with the single intent and objective of delivering them to codefendant Gregory. Our analysis leads us to the conclusion that it would be unreasonable to fragment that single objective into five separate objectives, namely to transport benzedrine, to transport heroin, to transport seconal, etc. Instead, the entire transaction should reasonably be viewed as

---

[1] This multiple-punishment-prohibition rationale had been utilized in an even earlier Supreme Court case, *People* v. *Kynette* (1940) 15 Cal.2d 731, 760-762 [104 P.2d 794], overruled on another ground in *People* v. *Snyder* (1958) 50 Cal.2d 190, 197 [324 P.2d 1]. In *Kynette,* appellant was convicted of three counts arising out of one course of conduct. The court modified the sentence to require all three prison sentences to run concurrently, and held that this remedy satisfied Penal Code section 654.

constituting an indivisible course of conduct analogous to the theft of several articles of personal property which . . . results in the commission of a single punishable offense." (*In re Adams, supra,* at p. 635.) The court concluded that the proper remedy was to stay all but one of the transportation counts.

*Adams* makes it clear that the remedy of staying the duplicative counts is applicable to separately alleged crimes which bear the same code section number. As was the case in *In re Adams, supra,* 14 Cal.3d 629, appellant's criminal activities were directed to the single goal and objective of selling two kilograms of cocaine to Brand. This "entire transaction should reasonably be viewed as constituting . . . the commission of a single punishable offense." (*Id.* at p. 635.) Here, appellant has already been afforded that remedy by the trial court, namely, a stay of the punishment imposed pursuant to count two.

While appellant contends such a stay will not protect him from future punishment resulting from conviction on count two—in particular, enhancement of sentence pursuant to Health and Safety Code section 11370.2— *People v. Pearson, supra,* 42 Cal.3d at page 361, holds that the Penal Code section 654 stay does adequately provide such protection. Neither *People v. Powell* (1991) 230 Cal.App.3d 438 [281 Cal.Rptr. 568] nor *People v. Rhoads* (1990) 221 Cal.App.3d 56 [270 Cal.Rptr. 266], both cited by appellant, involved an attempt by the trial court to impose an enhancement based upon a conviction for which punishment was stayed pursuant to Penal Code section 654,[2] and neither case stands for the proposition that such an enhancement could be imposed under Health and Safety Code section 11370.2.

Appellant was properly convicted of two counts of violation of Health and Safety Code section 11352.

---

[2]*People v. Powell, supra,* 230 Cal.App.3d 438 involved the question whether a prior conviction for which defendant had served a prison term could result in an enhancement under both Health and Safety Code section 11370.2 and Penal Code section 667.5, subdivision (b). (It can.) *People v. Rhoads, supra,* 221 Cal.App.3d 56 involved a defendant who committed an offense while awaiting sentencing on a prior offense to which he had pleaded guilty. The issue before the court was whether defendant was "convicted" for purposes of Health and Safety Code section 11370.2, so as to result in enhancement of the sentence for the subsequent crime. (He was.) The court also noted: "Defendant's plea was not withdrawn or rejected, as evidenced by the fact that defendant was sentenced on April 1, 1987, for the prior offense. We agree with defendant's rationale, in principle, that it would be unjust to impose an enhanced sentence based upon a prior conviction which was subsequently invalidated. That case, however, is not before this court and we need not speculate about the resolution of that issue." (221 Cal.App.3d at p. 60, fn. 3.)

## II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Best, P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied January 4, 1993.

*See footnote, *ante*, page 844.