Filed 8/24/15  P. v. Mikhi CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND MIKHI,<br><br>    Defendant and Appellant. | B257012<br><br>(Los Angeles County<br>Super. Ct. No. LA075273) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed as modified.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Enger, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Raymond Mikhi appeals from the judgment of convictions for cultivating marijuana, possession of marijuana for sale, and theft of utility services over $950. Mikhi argues that the trial court committed reversible error by instructing the jury that he had the burden to raise a reasonable doubt regarding his Compassionate Use Act (CUA) defense to the two marijuana charges. Mikhi also contends that the trial court erred by failing to stay under Penal Code section 654[1] either his sentence on the conviction for cultivation of marijuana or his sentence on the conviction for possession of marijuana for sale or both. We conclude that, although any error in the court's jury instructions was harmless, the trial court should have stayed one of the sentences on the marijuana-related convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2013 Los Angeles Police Department officers searched Mikhi's home pursuant to a warrant. The officers found that "[t]he whole base of the interior of the house, the middle portion of this house, was a marijuana grow operation." The officers found "numerous tray tables" with marijuana plants growing approximately two to four feet tall and electrical equipment commonly used in growing marijuana for sale, such as fans, venting blowers, and air conditioning vents. The officers found a separate drying room with "clotheslines and dried, cut marijuana drying outside on the lines." Officers discovered 257 marijuana plants weighing approximately 50 pounds, dried marijuana packaged in individual gallon-sized baggies of varying quantities, and a scale.

---

[1] Undesignated statutory references are to the Penal Code.

Mikhi arrived during the search. He told officers he had only 99 plants, which he grew for himself and his brother, and that he smoked one ounce of marijuana a day. Mikhi presented an officer with a California State Medical Marijuana Identification Card with an expiration date of September 1, 2010. At the time of the search, both Mikhi and his brother had medical marijuana "recommendations" allowing each of them to grow up to 99 plants and possess six pounds of dried marijuana.

A Los Angeles Department of Water and Power (DWP) utility theft investigator arrived at Mikhi's property while the officers were searching the premises. The investigator observed "grow lights," fans, duct blowers, air conditioners, and other equipment that he calculated would use 429.03 kilowatts of electricity per day. The investigator determined that $66,604.13 worth of electricity used by the equipment never registered on Mikhi's meter or appeared on his electric bill. The DWP investigation concluded that there had been an illegal electrical bypass on the meter.

Mikhi was charged and convicted of cultivating marijuana in violation of Health and Safety Code section 11358 (count 1), possession of marijuana for sale in violation of Health and Safety Code section 11359 (count 2), and theft of utility services over $950 in violation of Penal Code section 498, subdivision (b) (count 3). On count 3 the court placed Mikhi on probation for three years and ordered him to serve 365 days in county jail. On counts 1 and 2, the court placed Mikhi on probation and ordered him to serve 180 days for each count, to run concurrently with the sentence on count 3, and imposed various fees. The court awarded Mikhi 36 days of custody credit. Mikhi timely appealed.

## DISCUSSION

### A. *Any Instructional Error Regarding Mikhi's CUA Defense Was Harmless*

Mikhi argues that the trial court's jury instructions on his CUA defense erroneously placed the burden of proof on him. Mikhi based his defense on Health and Safety Code section 11362.5, subdivision (d), which provides: "Section 11357, relating to

3

the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." The trial court, after instructing the jury on cultivation pursuant to CALCRIM No. 2370,[2] instructed the jury on Mikhi's CUA defense as follows:

> Possession of marijuana – Possession, rather, or cultivation of marijuana is lawful if authorized by the Compassionate Use Act. The Compassionate Use Act allows a person to possess or cultivate marijuana for personal medical purposes or as the primary caregiver of a patient with a medical need when a physician has recommended or approved such use. The amount of marijuana possessed or cultivated must be reasonably related to the patient's current medical needs. The People have the burden of proving beyond a reasonable doubt that the defendant was not authorized to possess or cultivate marijuana for medical purposes. If the People have not met this burden, you must find the defendant not guilty of this crime. A primary caregiver is someone who has consistently assumed responsibility for the housing, health, or safety of a patient who may legally possess or cultivate marijuana.

---

[2] The trial court instructed the jury: "To prove that the defendant is guilty of [the crime of unlawfully cultivating marijuana], the People must prove that: [¶] 1. The defendant unlawfully cultivated one or more marijuana plants; [¶] [and] [¶] 2. The defendant knew that the substance he cultivated was marijuana."

4

The court also instructed the jury: "The burden is on the defendant to produce sufficient evidence to raise a reasonable doubt that possession was lawful." The court included this language in its instruction on the lesser included offense of simple possession of marijuana, instructing the jury: "Again, the burden is on the defendant to produce sufficient evidence to raise a reasonable doubt that possession was lawful." The court did not give this instruction in connection with the possession of marijuana with intent to sell charge.

Citing Justice Chin's concurring opinion in *People v. Mentch* (2008) 45 Cal.4th 274, Mikhi argues that the language placing the burden on him to raise a reasonable doubt that the possession was lawful was "unnecessary and erroneous."[3] In *Mentch*, the trial court had instructed the jury that "'[t]o establish the defense of compassionate use, the burden is upon the defendant to raise a reasonable doubt as to guilt.'" (*Id.* at p. 292 (conc. opn. of Chin, J.).) Yet the trial court had also instructed the jury that "'[t]he People have the burden of proving beyond a reasonable doubt that the defendant was not authorized to possess or transport marijuana for medical purposes. If the People have not met this burden, you must find the defendant not guilty of this crime.'" (*Id.* at pp. 292-293.) Noting the difference between these two instructions, the Supreme Court had asked

---

[3] The People contend that Mikhi forfeited his right to challenge these instructions by failing to object to the language at trial. We agree with Mikhi that he has not forfeited this issue. We review any claim of instructional error that affects a defendant's substantial rights whether or not there was an objection to the instruction at trial. (See § 1259 ["[t]he appellate court may also review any instruction given . . . even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby"]; *People v. Myles* (2012) 53 Cal.4th 1181, 1219, fn. 12 [forfeiture rule does not apply when "the court gives an instruction that incorrectly states the law"]; *People v. Denman* (2013) 218 Cal.App.4th 800, 812 ["[w]hen the trial court gives an incorrect or incomplete instruction that allegedly affects the substantial rights of a defendant, it is reviewable even if no objection was raised in the trial court"].) We cannot determine whether the defendant's substantial rights were affected, however, without deciding if the instruction given was erroneous and, if so, whether the error was prejudicial. Therefore, we must review, and Mikhi has not forfeited, the merits of his challenge to the trial court's instructions.

the parties to brief whether the defendant's burden to raise a reasonable doubt under the CUA was a burden of producing evidence or a burden of proof. (*Id.* at p. 293.) The parties agreed it was the former, and that "once the trial court finds the defendant has presented sufficient evidence to warrant an instruction on the defense, the defendant has fully satisfied this burden; accordingly, the court should not instruct the jury on any defense burden." (*Ibid.*) Because the Supreme Court in *Mentch* did not reach the issue, however, Justice Chin stated that, until the issue was resolved, "trial courts might well be advised to be cautious before instructing on any defense burden." (*Ibid.*)

The People concede in this case, as they did in *Mentch* (*Mentch, supra,* 45 Cal.4th at p. 294), that this instruction "'may run risks that are best avoided' and therefore should not be given." The People argue, however, as they did in *Mentch* (*id.* at p. 293), that any error in the CUA instruction was harmless because the instructions read as a whole made it clear that the prosecution had the overall burden of proof beyond a reasonable doubt, and because the defendant did not establish a CUA defense.

"[I]f a trial court's instructional error violates only California law, the standard is that stated in *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], which permits the People to avoid reversal unless 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' [Citation.]" (*People v. Mower* (2002) 28 Cal.4th 457, 484.) "If a trial court's instructional error violates the United States Constitution, the standard stated in *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 828, 17 L.Ed.2d 705 . . .], requires the People, in order to avoid reversal of the judgment, to 'prove beyond a reasonable doubt that the error . . . did not contribute to the verdict obtained.' [Citation.]" (*Ibid.*) An error does not contribute to the verdict obtained if "'"that error [is] unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record."'" [Citation.]" (*People v. Pearson* (2013) 56 Cal.4th 393, 463.) When applying the *Chapman* standard, "'"[w]e ask whether it is clear beyond a reasonable doubt that a rational jury would have reached the same verdict absent the error." [Citation.]'

6

[Citations.]" (*People v. Bryant* (2014) 60 Cal.4th 335, 395.)[4]

Here, any error in the instructions on the CUA defense to the cultivation charge was harmless beyond a reasonable doubt under either the *Chapman* or the more lenient *Watson* harmless error standard. The CUA does not protect Mikhi unless his cultivation was for "personal medical purposes." (Health & Saf. Code, § 11362.5.) Mikhi was growing 257 marijuana plants ranging from two to four feet tall. He had a room full of cut marijuana drying on clotheslines, and packages of dried marijuana ready to sell. The 257 plants Mikhi was growing and the over $66,000 in electricity he stole establish that he was cultivating marijuana for sale rather than for personal use. In light of the evidence of Mikhi's vast and elaborate marijuana grow operation and the jury's finding that Mikhi possessed the marijuana for sale, any error in the instructions on the CUA defense was """unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." [Citation.]'" (*People v. Pearson*, *supra*, 56 Cal.4th at p. 463.) Given the scale and sophistication of Mikhi's marijuana operation, "it is clear beyond a reasonable doubt that a rational jury would have reached the same verdict" regardless of any error made by the trial court in instructing the jury on the CUA defense. (See *People v. Bryant*, *supra*, 60 Cal.4th at p. 395.)

Similarly, with respect to the lesser included offense of simple possession of marijuana, any instructional error was harmless under either the *Chapman* or *Watson* harmless error standard because "'the jury necessarily resolved, although in a different setting, the same factual question that would have been presented by the missing instruction' [citation], in a manner adverse to defendant." (*People v. Wright, supra,* 40

---

[4]  Mikhi contends that the instructional language he challenges constitutes structural error requiring reversal because it relieved the prosecution of its burden of proving each element beyond a reasonable doubt. The Supreme Court, however, has applied the harmless error doctrine in each case it has heard involving an instruction on the defendant's burden under the CUA. (See *People v. Mentch*, *supra*, 45 Cal.4th at p. 292, fn. 12; *People v. Wright* (2006) 40 Cal.4th 81, 98-99; *People v. Mower*, *supra*, 28 Cal.4th at p. 484.)

Cal.4th at p. 99.) In *Wright*, the trial court erred by failing to give an instruction on the CUA defense when it instructed the jury on the lesser included offense of simple possession of marijuana. (*Id.* at pp. 89, 98.) The Supreme Court affirmed the conviction for possession of marijuana for sale and transportation because "the jury necessarily rejected the factual predicate of the omitted CUA defense—that defendant possessed and, by extension, transported marijuana for his personal medicinal use—when, under other, properly given instructions, it found that he possessed the drug with the specific intent to sell it." (*Id.* at p. 99.) The Supreme Court held that the error was harmless because, by finding that the defendant had the specific intent to sell the marijuana in his possession, the jury necessarily rejected the factual predicate of the CUA defense. (*Ibid.*) Here, because the jury found that Mikhi possessed the marijuana with the intent to sell it, the jury could not have found that he possessed it for personal use.

     B.    *Mikhi's Sentence on His Conviction for One of the Marijuana-Related Counts Should Be Stayed*

Mikhi argues that the trial court should have stayed the sentences on his convictions for cultivation and possession of marijuana for sale, or at least the sentence on his conviction for cultivation, pursuant to section 654. Section 654, subdivision (a), provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ." Section 654 prohibits multiple punishment not only for a single act, but also for an "indivisible course of conduct." (*People v. Leonard* (2014) 228 Cal.App.4th 465, 498.) "'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Correa* (2012) 54 Cal.4th 331, 336.)

"We review under the substantial-evidence standard the court's factual finding, implicit or explicit, of whether there was a single criminal act or a course of conduct with a single criminal objective. [Citations.]" (*People v. Moseley* (2008) 164 Cal.App.4th 1598, 1603; see *People v. Newman* (2015) 238 Cal.App.4th 103, 122, 188 Cal.Rptr.3d 910, 926 ["'[w]e apply a substantial evidence standard of review when determining whether section 654 applies'"].) "In the absence of any reference to Penal Code section 654 during sentencing, the fact that the court did not stay the sentence on any count is generally deemed to reflect an implicit determination that each crime had a separate objective. [Citations.]" (*People v. Tarris* (2009) 180 Cal.App.4th 612, 626-627.) A trial court's "findings on this question must be upheld on appeal if there is any substantial evidence to support them. [Citation.]" (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1113; see *People v. Brents* (2012) 53 Cal.4th 599, 618 ["[a] trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence"].) "'"We must 'view the evidence in a light most favorable to the respondent and presume in support of the [sentencing] order the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]' [Citation.]" [Citation.]' [Citation.]" (*DeVaugn*, at p. 1113.)

Substantial evidence does not support the trial court's implicit finding that Mikhi had separate objectives in cultivating marijuana and possessing marijuana for sale. As noted, the evidence of Mikhi's home installation, which included numerous marijuana plants at various stages in development, a drying room for turning grown marijuana into saleable marijuana, and dried marijuana in various plastic bags, indicated that his objective in cultivating marijuana was to sell it. Even viewing the evidence in a light most favorable to the People, there is no substantial evidence to support a finding of independent objectives for cultivation of the marijuana and possession of marijuana for sale. Therefore, Mikhi's sentence for cultivation or for possession for sale should be stayed. (See *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582-1583 [trial court should have stayed sentence on conviction for transportation of methamphetamine for sale where

the defendant was sentenced on conviction for possession of the methamphetamine for sale]; *People v. Lopez* (1992) 11 Cal.App.4th 844, 847 [trial court properly stayed sentence on conviction for transporting cocaine where the defendant was sentenced on conviction of selling the cocaine].)[5]

The trial court's implicit finding that Mikhi entertained separate objectives for the theft of utility services and the marijuana-related offenses, however, is supported by substantial evidence. Two DWP employees, a utility theft investigator and a revenue investigator, testified that Mikhi had installed an electrical bypass, which the utility investigators calculated deprived the DWP of more than $66,000. Substantial evidence supports the finding that, in stealing the electricity, Mikhi's objective was not merely to grow and sell marijuana but to avoid paying for a substantial amount of electricity.

**DISPOSITION**

The case is remanded to the trial court with instructions to enter an order staying

---

[5]     *People v. Goodall* (1982) 131 Cal.App.3d 129, cited by the People, is distinguishable. The court in *Goodall* held that punishing the defendants for convictions for manufacturing PCP, possessing ingredients to make PCP, and possessing PCP for sale did not violate section 654. (*Goodall*, at p. 147.) The court stated that "[i]t would not be proper to subsume the manufacturing into the selling as merely incidental to a single objective of selling the ultimate product for profit" because "the trial court could reasonably conclude that [the defendants] intended (1) to manufacture PCP; (2) to sell the PCP they had manufactured, if they could find a buyer; and (3) to manufacture more PCP with the ingredients not used up in step (1)." (*Id.* at pp. 147-148.) Here, in contrast to the defendants in *Goodall*, Mikhi's cultivation of marijuana was illegal because he was cultivating the marijuana not for "personal medical purposes," but for sale. (Health & Saf. Code, § 11362.5, subd. (d).) In order to be convicted of cultivation, Mikhi's objective must have been to sell the marijuana he cultivated.

10

Mikhi's sentence for cultivation of marijuana or for possession of marijuana for sale.  In all other respects, the judgment is affirmed.



SEGAL, J.


We concur:


PERLUSS, P. J.


ZELON, J.


11