[No. F003794. Fifth Dist. Jan. 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY R. CONNER, JR., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, V, VI and VII.

**COUNSEL**

Jean Hume and Richard L. Phillips, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and George C. Spanos, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

HANSON (P. D.), Acting P. J.—Appellant was sentenced to state prison for three years each on two manslaughter convictions (Pen. Code, § 192, subd. 3(a))[1] and four years each for two felony drunk driving convictions (Veh. Code, § 23153, subds. (a), (b)). Pursuant to section 654, the trial court stayed the sentences on the two manslaughter convictions and the Vehicle Code section 23153, subdivision (a), felony drunk driving conviction. Two prior convictions for drunk driving were found true (Veh. Code, § 23190).

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Both the verdict forms and the pronouncement of judgment, in error, reflect that appellant was convicted of "Section 192.3(a)." The proper citation is "Penal Code section 192, subdivision 3(a)"; the judgment is corrected accordingly. (Code Civ. Proc., § 473.)

II-III*

IV

*The Conviction for Violation of Vehicle Code
Section 23153, Subdivision (a)*

■    Appellant contends, citing *People* v. *Duarte* (1984) 161 Cal.App.3d 438, 448 [207 Cal.Rptr. 615], the stay imposed by the trial court on the Vehicle Code section 23153, subdivision (a), count must reflect that the conviction cannot be used for penal or administrative purposes. We agree.

In *Duarte,* we noted it is proper to charge and convict a defendant under both subdivision (a) and (b) of Vehicle Code section 23153, although the convictions result from "an indivisible driving event." (*Ibid.*) However, the court must not only stay punishment on one conviction under section 654, but must also stay the use of one conviction for purposes of enhancement in the case of recidivism or for purposes of mandated administrative action. Such future use of both convictions is a type of multiple punishment and of course is prohibited. (*Duarte, supra,* at pp. 447-448.) We noted in *Duarte* that to avoid such multiple punishment, the stay must encompass not only the current sentence, but "the *use* of one conviction for penal and administrative purposes." (*Id.,* at p. 448.) We made the stay conditional upon the completion of defendant's sentence, at which time it was to become permanent.

The People request that the stay of the penal and administrative use remain conditional upon the validity of the other, unstayed, conviction.

In *Duarte,* the court framed the problem: "Should the sentencing court stay the *use* of one of the two *convictions,* pending appeal, and stay the use permanently so long as the other conviction remains valid? The answer is affirmative if we resort to logic." (161 Cal.App.3d at p. 447.) However, the court in its disposition stated: "It is ordered that the *use* of the conviction of count two, violation of Vehicle Code section 23153, subdivision (b), as a prior conviction for penal and administrative purposes, be stayed pending the finality of the judgment, the stay to become permanent when service of sentence is completed." (*Id.,* at p. 448.)

Normally, the section 654 stay becomes permanent at the end of confinement because only punishment was stayed. The term having been served, no need exists for the "stayed" term. However, where the stay prohibits the *future use* of the conviction for purposes other than immediate confine-

---

*See footnote, *ante,* page 716.

ment, at some future time the unstayed conviction may be attacked successfully (e.g., unconstitutionality of the statute; procedural defect not touching the "stayed" conviction); the People then should be able to *use* the conviction of the "stayed" term.

Because of the possibility of a postappeal attack on the underlying, unstayed portion of the judgment, we follow the text in *Duarte* rather than its disposition order. The stay of the sentence becomes permanent at the time appellant completes service of sentence; the stay of the *use* of the conviction for penal and administrative purposes remains conditional upon the continuing validity of the conviction of the "unstayed" term.

## V-VII*

The judgment is corrected to reflect the proper code section, Penal Code section 192, subdivision 3(a); the judgment as to the sentence on the Vehicle Code section 23153, subdivision (a), conviction is corrected to stay the use of the conviction for sentencing and administrative use conditionally upon the continuing validity of the conviction of the "unstayed" term. The trial court is directed to file with the proper authorities an abstract of judgment showing these corrections.

The judgment, as corrected, is affirmed.

Woolpert, J., and Castellucci, J.,† concurred.

---

*See footnote, *ante,* page 716.
†Assigned by the Chairperson of the Judicial Council.