MOSK, J.—
I concur in the opinion of the court.
Like the Court of Appeal before us, we conclude that the crimes of second degree murder and gross vehicular manslaughter while intoxicated were not greater including and lesser included offenses, and that, as a result, the convictions that appellant suffered for each might stand as nonduplicative.
I write separately to explain how I reach this conclusion.
I
Crimes are greater including and lesser included offenses if a perpetrator cannot commit the former without necessarily committing the latter. (See, e.g., People v. Birks (1998) 19 Cal.4th 108, 117-118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].)
Whether crimes are greater including and lesser included offenses is important for purposes of notice and proof.
In charging, the People must give a defendant notice of any crime of which he may be convicted in order to afford him an opportunity to prepare and present a defense. (See Pen. Code, § 952.) They may give notice of both a greater including offense and a lesser included offense. (See id., § 954.) *994 They may do so expressly as to the greater including offense. (See id., § 952.) They may do so impliedly as to the lesser included offense. (See id., § 1159.) At a jury trial, the trial court must instruct on a greater including offense, if charged. (See id., § 1127.) It must also instruct on a lesser included offense, even if uncharged, so long as the evidence would absolve the defendant of the greater including offense but not the lesser included offense. (See, e.g., People v. Waidla (2000) 22 Cal.4th 690, 733 [94 Cal.Rptr.2d 396, 996 P.2d 46].)
On proof by the People of the elements of the crime beyond a reasonable doubt, the defendant may be convicted of either a greater including offense or a lesser included offense (see Pen. Code, § 1159), but not both (e.g., People v. Pearson (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595]), inasmuch as conviction for both would amount to duplicative convictions for the lesser included offense, specifically, one for the lesser included offense in and of itself and another for the lesser included offense under the form of the greater including offense (see, e.g., People v. Fields (1996) 13 Cal.4th 289, 306 [52 Cal.Rptr.2d 282, 914 P.2d 832]). If the defendant is in fact convicted of both a greater including offense and a lesser included offense, his conviction for the greater including offense may stand, but his conviction for the lesser included offense must fall, again inasmuch as conviction for both would amount to duplicative conviction for the lesser included offense. (See, e.g., People v. Pearson, supra, 42 Cal.3d at p. 355.) If, on motion for new trial or on appeal, the trial court or the appellate court, as the case may be, determines that the defendant’s conviction for the greater including offense alone is contrary to law or evidence, it may substitute in its place a conviction for the lesser included offense. (See Pen. Code, § 1181, subd. 6.)
As stated, whether crimes are greater including and lesser included offenses is important for purposes of notice and proof.
For charging, notice is crucial, because the People must give the defendant notice of any crime of which he may be convicted.
For conviction, proof is crucial, because the defendant may be convicted of a crime only on proof by the People of its elements beyond a reasonable doubt.
As also stated, whether crimes are greater including and lesser included offenses depends on whether a perpetrator can commit the former without necessarily committing the latter.
Under the crime definition test, we determine whether the perpetrator can commit the greater including offense without necessarily committing the *995 lesser included offense as a matter of law in view of the elements. (See, e.g., People v. Birks, supra, 19 Cal.4th at p. 117.)
Under the accusatory pleading test, we determine whether the perpetrator can commit, the greater including offense without necessarily committing the lesser included offense as a matter of fact in view of the allegations. (See, e.g., People v. Birks, supra, 19 Cal.4th at p. 117.)
Application of the crime definition test is fit for deciding whether crimes are greater including and lesser included offenses for purposes of both notice and proof. By charging one crime with, say, A, B, and C as elements, the People thereby give the defendant notice of another crime with, say, A and B as elements. So far as notice is concerned, the first crime is a greater including offense and the second a lesser included offense. Likewise, by proving beyond a reasonable doubt the elements of one crime, which consist of, say, X, Y, and Z, the People thereby prove beyond a reasonable doubt the elements of another crime, which consist of, say, X and Y. So far as proof is concerned, the first crime is a greater including offense and the second a lesser included offense. Therefore, a conviction for the former is duplicative of a conviction for the latter. Otherwise, it is not.
By contrast, application of the accusatory pleading test is fit for deciding whether crimes are greater including and lesser included offenses only for purpose of notice and not for purpose of proof. By charging one crime with, say, A, B, and C as facts alleged although not as elements, the People thereby give the defendant notice of another crime with, say, A and B as elements. So far as notice is concerned, the first crime is a greater including offense and the second a lesser included offense. But by proving beyond a reasonable doubt the elements of one crime, with included, say, X, Y, and Z as facts alleged although not as elements, the People do not thereby prove beyond a reasonable doubt the elements of another crime, which consist of, say, X and Y as elements. So far as proof is concerned, it is uncertain whether the first crime is a greater including offense and the second a lesser included offense. It is similarly uncertain whether a conviction for the former is duplicative of a conviction for the latter.
II
Turning to the case at bar, I am of the opinion that the crimes of second degree murder and gross vehicular manslaughter while intoxicated are not greater including and lesser included offenses, and that, as a result, the convictions that appellant suffered for each may stand as nonduplicative.
Whether appellant’s crimes of second degree murder and gross vehicular manslaughter while intoxicated are greater including and lesser included *996 offenses yielding duplicative convictions depends on whether he could commit the former without necessarily committing the latter.
Whether appellant could commit the crime of second degree murder without necessarily committing the crime of gross vehicular manslaughter while intoxicated depends, in turn, on whether, under the crime definition test, he could do so as a matter of law in view of their elements—that test alone being fit for purpose of proof as to the duplicativeness vel non of the convictions in question.
It is manifest that appellant’s crimes of second degree murder and gross vehicular manslaughter while intoxicated are not greater including and lesser included offenses yielding duplicative convictions. Appellant could indeed commit the former without necessarily committing the latter. The elements of second degree murder, which is the “unlawful killing of a human being . . . with malice aforethought” (Pen. Code, § 187, subd. (a); see id., § 189), consist of unlawful killing and malice aforethought. The same is true of murder simpliciter, without regard to degree. (See id., § 187, subd. (a).) By contrast, the elements of manslaughter, which is the “unlawful killing of a human being without malice [aforethought]” (id., § 192), ostensibly consist of unlawful killing but not malice aforethought, in other words, unlawful killing alone. Those of gross vehicular manslaughter while intoxicated, which involves the “unlawful killing of a human being without malice aforethought” (id., § 191.5, subd. (a)), consist of, inter alia, unlawful killing, the act of driving a vehicle, and the state of intoxication, but not malice aforethought. The People proved beyond a reasonable doubt the elements of second degree murder, which consist of unlawful killing and malice aforethought. They also proved beyond a reasonable doubt the elements of gross vehicular manslaughter while intoxicated, which include unlawful killing, the act of driving a vehicle, and the state of intoxication. But they did not prove beyond a reasonable doubt the elements of gross vehicular manslaughter while intoxicated by proving beyond a reasonable doubt the elements of second degree murder. For, like those of second degree murder, the elements of gross vehicular manslaughter while intoxicated include unlawful killing; unlike them, they also include the act of driving a vehicle and the state of intoxication. Therefore, appellant’s conviction for gross vehicular manslaughter while intoxicated is not duplicative of his conviction for second degree murder.
Claiming that his crimes of second degree murder and gross vehicular manslaughter while intoxicated are, in fact, greater including and lesser included offenses yielding duplicative convictions, appellant argues to this effect: “The crimes of murder and manslaughter are greater including and *997 lesser included offenses; manslaughter and gross vehicular manslaughter while intoxicated are greater including and lesser included offenses; therefore, murder and gross vehicular manslaughter while intoxicated are greater including and lesser included offenses.”
Appellant’s major premise is unsound. Hence, his conclusion is unsupported.
It is simply not the case that the crimes of murder and manslaughter are greater including and lesser included offenses. True, they have been “considered” to be such. (E.g., People v. Lee (1999) 20 Cal.4th 47, 59 [82 Cal.Rptr.2d 625, 971 P.2d 1001] (plur. opn.) [speaking of “intentional murder” and “voluntary manslaughter”]; People v. Breverman (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094] [same].) But, in fact, they are not. (See, e.g., People v. Rios (2000) 23 Cal.4th 450, 470-471 [97 Cal.Rptr.2d 512, 2 P.3d 1066] (conc. opn. of Mosk, J.); People v. Blakeley (2000) 23 Cal.4th 82, 94-99 [96 Cal.Rptr.2d 451, 999 P.2d 675] (dis. opn. of Mosk, J.); People v. Breverman, supra, 19 Cal.4th at pp. 182-184 (dis. opn. of Mosk, J.); id. at pp. 188-189 (dis. opn. of Kennard, J.) [observing at p. 189, fn. 4, that “voluntary manslaughter might be termed a lesser including offense of murder” (italics in original)].) The elements of murder, which is the unlawful killing of a human being with malice aforethought, consist of unlawful killing and malice aforethought. The elements of manslaughter, which is the unlawful killing of a human being without malice aforethought, ostensibly consist of unlawful killing alone. If all were as it appears, murder and manslaughter would indeed be greater including and lesser included offenses. But it is not. First, manslaughter’s unlawful killing element is not identical to murder’s. Murder’s covers any unlawful killing; manslaughter’s, however, reaches only specified unlawful killings, including, as here, those resulting from an act of driving a vehicle while in a state of intoxication. Second, manslaughter’s unlawful killing element, even if it were identical to murder’s, is not its sole element. To be sure, more than 80 years ago, the Court of Appeal in People v. Tugwell (1917) 32 Cal.App. 520, 528 [163 P. 508], held that it was. Today, no court could reasonably do the same, with the result of transforming manslaughter into a crime that would have only a single element going to conduct or consequences and none at all going to mental state.[1]
III
For the reasons stated above, I join my colleagues in affirming the judgment of the Court of Appeal.

I recognize that appellant’s argument is apparently not inconsistent with the analysis presented in the majority opinion in People v. Ortega (1998) 19 Cal.4th 686 [80 Cal.Rptr.2d 489, 968 P.2d 48]. I myself concurred in that opinion. But I am now doubtful of its soundness. Accordingly, in the next appropriate case, I would undertake a reconsideration.