**Lanyard BERRY, Petitioner—Appellant,**

v.

**Richard MORGAN, Respondent—Appellee.**

No. 04–35768.

D.C. No. CV–03–03969–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided June 27, 2005.

Virginia L. Faller, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Washington state prisoner Lanyard Berry appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Berry was convicted by a Washington state jury of committing four robberies in four days. In sentencing Berry under Washington's Persistent Offender Accountability Act ("POAA"), Wash. Rev.Code § 9.94A.570, the state court counted two 1975 California assault convictions, even though the sentences for these convictions were stayed by the California court pursuant to California Penal Code section 654, which prohibits multiple punishments, but not multiple convictions, for two or more offenses arising from the same act or indivisible course of conduct. Cal.Penal Code § 654; *People v. Pearson*, 42 Cal.3d 351, 228 Cal.Rptr. 509, 721 P.2d 595, 600 (1986). Berry argues that the use of these assault convictions in calculating his sentence violated his right to proof beyond a reasonable doubt and violated the Due Process, Ex Post Facto, and Full Faith and Credit clauses of the U.S. Constitution. We affirm.

▪ Neither *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), nor *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), supports Berry's contention that a jury was required to determine (1) whether his two 1975 assault convictions were in fact "convictions" and not the equivalent of vacated or dismissed charges, and (2) that they were "most serious offenses" (i.e., "strikes") under Washington's persistent offender statute. First, the Supreme Court has repeatedly noted that the fact of a prior conviction is excepted from the general rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348; *Blakely*, 124 S.Ct. at 2536. Second, it was not contrary to clearly established federal law for the state court to conclude that these are questions of law for the court, not factual issues for a jury to decide.[2]

▪ In addition, there is no violation of the Full Faith and Credit Clause because the stay of Berry's sentences for his two 1975 assault convictions have had the same effect under Washington's persistent offender statute as they would have had under California's Three Strikes Law. While a stay under California Penal Code section 654 may generally not be used to enhance future sentences, an exception exists where the legislature has expressly provided that such a stay may be used to enhance future sentences. *See Pearson*, 228 Cal.Rptr. 509, 721 P.2d at 600–01 ("Any subsequent sentences imposed on defendant can be enhanced on the basis of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Following *Blakely*, the Court again "reaffirm[ed][its] holding in *Apprendi:* Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v.*

*Booker*, —— U.S. ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

2. Even assuming Berry is correct that Washington courts require proof of a prior conviction beyond a reasonable doubt under the POAA, that claim is not sufficient to warrant *federal* habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764,. 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

the convictions for which he served a sentence; but convictions for which service of sentence was stayed may not be so used *unless* the Legislature explicitly declares that subsequent penal or administrative action may be based on such stayed convictions.") (emphasis added). The California legislature has done exactly this in its "Three Strikes" law. Cal.Penal Code § 667(d)(1)(B).

Finally, there was no Ex Post Facto violation because both California's and Washington's persistent offender statutes were in place before Berry's 1996 offense conduct.[3] *See Brown v. Mayle,* 283 F.3d 1019, 1040 (9th Cir.2002) ("[A]pplication of a sentencing enhancement due to a prior conviction does not violate the Ex Post Facto Clause, as long as the statute was in effect before the triggering offense was committed." (citations omitted)), *vacated on other grounds,* 538 U.S. 901, 123 S.Ct. 1509, 155 L.Ed.2d 220 (2003).

AFFIRMED.

---

**3.** Berry's assertion that he was told by the trial court that his two 1975 assault convictions could not be used against him is unsupported by the record.