Filed 11/13/15  P. v. Beckwith CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261626 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA052644) |
| v. | |
| GERALD DELANE BECKWITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher Estes, Judge.  Reversed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A jury convicted Gerald Delane Beckwith of first degree residential burglary, a felony, in violation of Penal Code section 459[1] (count 1) and petty theft with three priors, also a felony, in violation of section 666, subdivision (a) (count 2). In a bifurcated proceeding, the trial court found true the allegations that Beckwith had suffered two prior strike convictions as to both counts, and had served seven prior prison terms. The court sentenced Beckwith to 37 years to life for first degree residential burglary, and stayed his sentence for petty theft under section 654. Beckwith appealed and we affirmed. (*People v. Beckwith* (Mar. 25, 2013, B242147) [nonpub. opn.].)

Subsequently, on November 24, 2014, the trial court received Beckwith's petition for recall and resentencing on his petty theft conviction under Proposition 47 (§ 1170.18, subd. (a)). The court denied the petition on December 18, 2014, stating that Beckwith was ineligible for resentencing as he was serving a life sentence for first degree burglary, and his sentence for petty theft had been stayed. Beckwith filed this timely appeal.

Beckwith argues, and respondent agrees, that he is eligible to have his section 666, subdivision (a) petty theft conviction reduced to a misdemeanor under Proposition 47, despite his life sentence for burglary and his stayed sentence for petty theft. Proposition 47, enacted by the voters in November 2014, added section 1170.18, which provides: "A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with . . . section . . . 666 of the Penal Code, as th[at] section[] ha[s] been amended or added by this act." (§ 1170.18, subd. (a); see *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089, 1092.) As amended by Proposition 47, section 666, subdivision (a) now provides that any person with a prior violent or serious felony conviction "who, having been convicted of . . . burglary, and having served a term of imprisonment therefor in any penal institution . . . and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

---

[1] All further statutory references are to the Penal Code.

Beckwith's petty theft conviction was eligible for reduction to a misdemeanor. "[A]n inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*People v. Johnson* (2015) 61 Cal.4th 674, 688.) "[S]entencing under the Three Strikes law has focused on the sentence to be imposed with respect to each count individually" (*ibid.*), and post-Proposition 36, the Three Strikes Reform Act of 2012, a defendant convicted of a serious or violent felony and a felony that is neither serious nor violent is required to have his eligibility for resentencing evaluated on a "count-by-count basis." (*Ibid.*) Proposition 47, using the same language as Proposition 36, states that if the petitioner is eligible for resentencing the petition shall be granted "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§§ 1170.126, subd. (f), 1170.18, subd. (b).)

Here, Beckwith's petty theft count was not a serious or violent crime, and therefore on a count-by-count basis resentencing was allowed, although he also was convicted of the serious felony of first degree burglary (§ 1192.7, subd. (c)(18)) for which he is subject to a sentence of 37 years to life. The trial court should have considered his petition, as he was eligible for resentencing on the petty theft count despite his accompanying conviction and sentence for the serious felony of burglary. (*Johnson*, *supra*, 61 Cal.4th at p. 695.)

The staying of Beckwith's sentence for petty theft also does not affect his eligibility for resentencing. Section 654, subdivision (a) provides that an act punishable in different ways by different statutes is to be punished under the provision with the longest potential prison term, "but in no case shall the act or omission be punished under more than one provision." The trial court applies section 654 by staying the execution of the sentence until the defendant has completed the sentence for the greater offense so that "if the unstayed sentence is reversed, a valid sentence remains extant." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469.) However, "section 654 prohibits [a] defendant from being disadvantaged in any way as a result of the stayed conviction[]." (*People v.*

3

*Pearson* (1986) 42 Cal.3d 351, 361.)  As Beckwith would be disadvantaged if the stayed sentence for felony petty theft prevented consideration of his conviction for petty theft for reduction to a misdemeanor, the trial court erred in considering the stayed sentence as a barrier to eligibility for resentencing.

We reverse the order denying Beckwith's petition for recall and resentencing under Proposition 47, and remand to the trial court for further proceedings on the merits of the petition.

## DISPOSITION

The order is reversed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


4