Filed 4/14/16  P. v. Teran CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LUIS TERAN,<br><br>  Defendant and Appellant. | F070325<br><br>(Super. Ct. No. VCF299686)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Sarah J. Jacobs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]     Before Poochigian, Acting P.J., Franson, J. and Smith, J.

Defendant Luis Teran was convicted by jury trial of eight counts, including kidnapping during a carjacking (Pen. Code, § 209.5, subd. (a);[1] count 2), kidnapping (§ 207, subd. (a); count 3), and false imprisonment by violence (§ 236; count 7). On appeal, defendant contends, and the People concede, that both kidnapping and false imprisonment are lesser included offenses of kidnapping during the course of a carjacking, and that defendant's convictions of kidnapping and false imprisonment cannot stand. We agree.

"When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) "Under California law, a lesser offense is necessarily included in a greater offense if … the statutory elements of the greater offense … include all the elements of the lesser offense, such that the greater offense cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.)

As the parties agree, kidnapping is a lesser included offense of kidnapping during a carjacking (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1368), and false imprisonment is also a lesser included offense of kidnapping during the commission of a carjacking (*People v. Magana* (1991) 230 Cal.App.3d 1117, 1120-1121). Therefore, defendant's convictions for the lesser included crimes of kidnapping and false imprisonment must be reversed. (See *People v. Pearson* (1986) 42 Cal.3d 351, 355 ["multiple convictions may *not* be based on necessarily included offenses"]; *People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1416 ["[w]hen a defendant is convicted of a

---

[1] All statutory references are to the Penal Code unless otherwise noted.

greater and a lesser included offense, reversal of the conviction for the lesser included offense is required"].)

## **DISPOSITION**

The convictions for kidnapping (§ 207, subd. (a); count 3), and false imprisonment by violence (§ 236; count 7) are reversed. The matter is remanded for resentencing. In all other respects, the judgment is affirmed.