Filed 12/19/13  P. v. Ocampo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056700 |
| v. | (Super.Ct.No. RIF1101931) |
| LUIS ALBERTO OCAMPO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge.

Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina, Christine Levingston Bergman, and Paige Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

On May 23, 2012, a jury convicted defendant and appellant Luis Alberto Ocampo of aggravated sexual assault on a child under the age 14 by means of sexual penetration with force, fear or duress (Pen. Code,[1] §§ 269, subd. (a)(5), 289, subd. (a); count 1), sexual penetration on a child 10 years of age or younger (§§ 288.7, subd. (b), 289; count 2), and lewd and lascivious act upon a child under the age 14 with force, fear or duress (§ 288, subd. (b)(1); count 3). Defendant was sentenced to 15 years to life in state prison. He appeals, contending the trial court erred in admitting evidence of the victim's statement to a child forensic interviewer; there was insufficient evidence of force or duress to support his convictions for aggravated sexual assault and forcible lewd acts; the jury was not properly instructed; and forcible lewd acts is a lesser included offense of aggravated sexual assault.

## I. STATEMENT OF FACTS

Defendant lived in a small apartment in Corona with his wife, Erin, and six children. He was not the biological father of Jane Doe 1. On February 23, 2011, Doe 1 (age 10) and her five-year-old sister, Jane Doe 2 (defendant's biological daughter), were taking a shower when Doe 1 called for defendant to come and help her wash her hair. Erin had gone to the store. Defendant washed Doe 1's hair and then put his finger in her vagina. She loudly told him to stop and he did.[2]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Doe 1 testified that she told defendant to stop once; however, Doe 2 said it was more than once. Also, Doe 1's interview with a child forensic interviewer indicated that defendant put his finger inside her vagina more than one time because she told him to stop four times.

2

Later, after defendant left for work, Doe 1 told Erin about the molestation. On March 1, 2011, Doe 1 was examined by Dr. Susan Horowitz, M.D., a forensic physician in the Child Abuse Unit at Riverside County Regional Medical Center. Dr. Horowitz observed a small bruise on Doe 1's hymen, and next to it was tissue that looked like healing tissue. She concluded these findings were most likely caused by penetrating trauma. Dr. Horowitz opined that the findings were abnormal, sexual abuse was highly suspected, and the findings were consistent with the history provided.

On March 3, 2011, child forensic interviewer Kathleen Hiebert conducted a recorded Riverside Child Assessment Team (RCAT) interview with Doe 1. Doe 1 told Hiebert that she was taking a shower with her five-year-old sister, and when she got out, defendant touched her hair, said she did not wash it correctly, and told her to get back in the shower. Doe 1's mother was at the store when this occurred. Defendant went in the bathroom, knelt down by the bathtub, and started washing Doe 2's hair. Defendant then started washing Doe 1's hair and body, and then he touched her inappropriately. Defendant put his finger in her "private." Doe 1 said, "I yelled, stop it, and he said, be quiet." She kept telling him to stop and he finally stopped. Doe 1 explained that after he stopped he pulled her out of the shower and squeezed her arm. She recalled an incident before the shower incident where one night defendant was pulling the blanket up, saw Doe 1's hand in her pants, and asked her if it felt good. Defendant told Doe 1 not to tell her mother that they "discussed this."

Defendant had put one finger in Doe 1's "private," and she said she did not like it and it was "embarrassing." She said defendant put his finger in her "private" more than

3

one time, and she remembered this because she asked him to stop four times. When defendant was doing this to her, she was in a corner in the shower, and he tried to grab her and she kept saying "no."

Defendant went to work, and the next morning, Doe 1 told her mother what happened. She initially told her mom about having her hands in her pants, and after that, her mom asked her if defendant had touched her. Doe 1 said "yes." The night defendant molested Doe 1, she thought he was her dad, but later she found out that he was her stepdad. She felt sad and unhappy after telling her mom what happened.

Hiebert interviewed Doe 2, who said that Doe 1 got out of the bathtub first with defendant and they were "taking forever." This was after defendant washed their hair. Doe 2 saw defendant whisper something in Doe 1's ear, but she could not hear what he said. Doe 2 heard Doe 1 say "'Stop' a lot of times."

Defendant testified that he did not molest Doe 1, and he did not know why she and Doe 2 would say that he did.

## II. ADMISSION OF DOE 1'S RCAT INTERVIEW

At trial, following the testimony of Doe 1, the recorded RCAT interview of Doe 1 was admitted into evidence pursuant to Evidence Code section 1360, and a transcript of the interview was provided to the jury. Prior to trial, defendant objected to the admission of the interview on ground that the recording constituted hearsay. The trial court overruled the objection. On appeal, defendant challenges the trial court's ruling.

4

## A. Procedural Background

Prior to trial, the prosecution sought to admit the RCAT interview. Defense counsel objected on hearsay grounds and because Doe 1 would be testifying. In response, the prosecutor argued its admissibility under Evidence Code section 1360. Overruling the objection, the trial court allowed the recording to be played for the jury and the transcript to be admitted into evidence.

During trial, prior to Hiebert's testimony, defense counsel raised an objection to certain portions of the RCAT interview. Counsel objected to Doe 1's reference to her putting her hands in her pants when she was sleeping. The prosecutor argued it was relevant and admissible under Evidence Code section 1360. Agreeing with the prosecution, the trial court overruled the objection, finding that the evidence was close enough in time to the alleged incident, relevant to the charges, and tended to explain the conduct.

Next, defense counsel objected to Doe 1's statements alluding to abuse by defendant as to all of the children, including spanking them with a belt with their pants down. The prosecution argued the evidence was relevant as to Doe 1's state of mind and to show there was force, fear, duress or threat of injury. Defense counsel argued prejudice and that it was not necessary to prove duress, given Doe 1's repeated statements to defendant to stop. The trial court was concerned this evidence was not directly tied to the incident. After weighing the probative value versus the prejudicial effect, the trial court excluded the evidence and ordered the tape and transcript redacted.

5

## B. Analysis Under Evidence Code Section 1360

Evidence Code section 1360 creates an exception to the hearsay rule in criminal prosecutions for a child's statements describing acts of child abuse or neglect, including statements describing sexual abuse. (Evid. Code § 1360; *People v. Brodit* (1998) 61 Cal.App.4th 1312, 1327-1328.) The statute provides, in pertinent part: "(a) In a criminal prosecution where the victim is a minor, a statement made by the victim when under the age of 12 describing any act of child abuse or neglect performed with or on the child by another, or describing any attempted act of child abuse or neglect with or on the child by another, is not made inadmissible by the hearsay rule if all of the following apply: [¶] (1) *The statement is not otherwise admissible by statute or court rule*. [¶] (2) *The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability.* [¶] (3) The child either: [¶] (A) Testifies at the proceedings. [¶] (B) Is unavailable as a witness, in which case the statement may be admitted only if there is evidence of the child abuse or neglect that corroborates the statement made by the child." (Evid. Code, § 1360, subd. (a), italics added.)

Defendant makes two contentions as to the admission of the RCAT interview under Evidence Code section 1360. He submits the court (1) failed to conduct a hearing outside the presence of the jury, and (2) failed to make findings as to whether there were sufficient indicia of reliability for purposes of admitting the RCAT interview into evidence.

6

"We review a trial court's admission of evidence under [Evidence Code] section 1360 for abuse of discretion." (*People v. Roberto V.* (2001) 93 Cal.App.4th 1350, 1367.) However, "[i]f evidence is admissible under any theory, the grounds stated in the ruling admitting the evidence are immaterial. [Citations.]" (*Thorp v. Dept. of Alcoholic Bev. Control* (1959) 175 Cal.App.2d 489, 491.) Thus, even if the evidence was not admissible *under Evidence Code section 1360*, we will not reverse the judgment if the evidence was admissible on other grounds. (Cf. *People v. Brown* (2004) 33 Cal.4th 892, 901.)

First, although the trial court must hold "a hearing conducted outside the presence of the jury" (Evid. Code, § 1360, subd. (a)(2)), Evidence Code section 1360 does not require the trial court to conduct a formal Evidence Code section 402 hearing with detailed testimony about the nature of and circumstances surrounding the interview process. Here, the court and counsel discussed the admissibility of the RCAT interview at great length, outside the presence of the jury. During the course of the discussion, the court was made aware of its responsibilities under Evidence Code section 1360 to consider the time, content, and circumstances of the interview to establish whether it met the indicia of reliability under Evidence Code section 1360. The requirement of a hearing outside the presence of the jury is easily met in this case.

Second, while the court must find that the "time, content, and circumstances of the statement provide sufficient indicia of reliability" (Evid. Code, § 1360, subd. (a)(2); see also *People v. Brodit, supra,* 61 Cal.App.4th at pp. 1329-1330), there is no requirement that the court explicitly state such findings on the record. Generally, unless the Legislature has mandated that a trial court express its findings on the record, we must

7

infer the trial court made all findings necessary to support its ruling. (Evid. Code, § 402, subd. (c); *People v. Manning* (1973) 33 Cal.App.3d 586, 601-602.) Defendant provides no reason to depart from this rule of implied findings here. We reject defendant's argument that there is no evidence to support the court's reliability finding. Doe 2's statements in her interview corroborated Doe 1's statements to the RCAT interviewer that she repeatedly told defendant to stop, and that defendant said something to Doe 1 that Doe 2 could not hear. Both RCAT interviews of Doe 1 and Doe 2 occurred shortly after the respective incidents while the facts were fresh in their minds. Further, the record reflects no motive for either Doe 1 or Doe 2 to make up the facts they described to the interviewers. Finally, both Doe 1 and Doe 2 testified at trial and were available to test the accuracy of the information imparted during their interviews. Doe 1's RCAT interview was played while Hiebert, the interviewer, was on the stand. There is therefore substantial evidence to support the court's reliability finding for purposes of Evidence Code section 1360.

## III. SUFFICIENCY OF EVIDENCE

Defendant claims the evidence of force or duress was insufficient to support his convictions for aggravated sexual assault (count 1) and forcible lewd acts (count 3).

### A. Standard of Review

Our review of any claim of insufficiency of the evidence is limited. (*People v. Lewis* (2001) 25 Cal.4th 610, 643.) "In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is

8

reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]"  (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)  The reviewing court must assume that the trier of fact resolved all conflicting inferences in favor of the prosecution.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 326.)

### B.  Aggravated Sexual Assault

The offense of aggravated sexual assault on a child under the age of 14 years by means of penetration requires proof of sexual penetration "against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."  (§§ 269, subd. (a)(5), 289, subd. (a)(1).)  The definition of the word "force" in sexual offense statutes depends on the offense involved.  (*In re Asencio* (2008) 166 Cal.App.4th 1195, 1200 (*Asencio*).)  Within the meaning of section 289, subdivision (a)(1), forcible sexual penetration, like forcible oral copulation and rape, requires evidence that the defendant "accomplished an act of sexual penetration by the use of force sufficient to overcome the victim's will.  [Citations.]"  (*Asencio*, *supra*, at p. 1205.)  We find substantial evidence of force to overcome the will of the victim in this case.

Doe 1 testified that she was in the shower when defendant put his finger in her vagina and she loudly told him to stop.  In her recorded interview, she recalled him doing it four times because she had told him to stop four times, and she was in the corner of the shower when he grabbed her.  Doe 2 confirmed hearing Doe 1 tell defendant to stop.  An

9

examination of Doe 1's hymen indicated a bruise and healing tissue which shows that defendant forcibly put his finger in her vagina.

Furthermore, the evidence demonstrates that the sexual penetration was accomplished by means of duress. Duress in this context is "'a direct or implied threat of force, violence, danger, *hardship* or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted.' [Citation.]" (*People v. Leal* (2004) 33 Cal.4th 999, 1004.) All of the circumstances should be considered in determining the existence of duress, including the age of the victim, the victim's relationship to defendant, threats to harm the victim, physically controlling a resisting victim, and warnings that revealing the molestation could jeopardize the family. (*People v. Veale* (2008) 160 Cal.App.4th 40, 46-47 [Fourth Dist., Div. Two] (*Veale*).) Even when a victim testifies that no force or threats were involved, it has been held that sufficient evidence of duress existed where the victim was eight years old at the time of the offenses; at that age "'adults are commonly viewed as authority figures,'" and "'[t]he disparity in physical size between an eight-year-old and an adult also contributes to a youngster's sense of his [or her] relative physical vulnerability.' [Citation.]" (*People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1579.) In addition, "when the victim is as young as [six years old] and is molested by her father [or stepfather] in the family home, in all but the rarest cases duress will be present." (*People*

10

*v. Cochran* (2002) 103 Cal.App.4th 8, 16, fn. 6 (*Cochran*), overruled on other grounds as stated in *People v. Soto* (2011) 51 Cal.4th 229, 248, fn. 12 (*Soto*).[3])

Doe 1 was 10 years old when defendant sexually assaulted her. Although he was her stepfather, she believed that he was her father, called him "dad," and he was in a parental role. At the time of the assault, her mother was at the store. When Doe 1 loudly told defendant to stop, he told her to be quiet.[4] He then pulled her out and squeezed her arm. Given the relationship between defendant and Doe 1 and their age and size differences, a rational juror could conclude that defendant accomplished the sexual penetration by duress.

## C. Forcible Lewd Acts

This same evidence applies to defendant's conviction of forcible lewd acts. "Subdivisions (b) and (a) of section 288 on their face draw a distinction between those lewd acts that are committed by force and those that are not." (*People v. Cicero* (1984) 157 Cal.App.3d 465, 473 (*Cicero*), overruled on other grounds as stated in *Soto*, *supra*,

---

[3] We address whether *Soto* applies to this case in the next section.

[4] Defendant argues "the record contains absolutely no evidence" of the "use of a direct or implied threat of force, violence, danger, hardship, or retribution." However, we note that when defendant was unable to exclude Doe 1's RCAT interview, he asked that it be redacted. Specifically, he wanted the trial court to redact Doe 1's reference to defendant doing "'child abuse on all of us'" because he "'spanks us with a belt with our pants down,'" which leaves marks. In response, the prosecution argued this evidence showed Doe 1's "knowledge of the defendant inflicting injury upon her," which "could demonstrate a level of duress or threat of impending injury if she doesn't submit to the molestation in the bathtub." Defense counsel countered: "I don't think it would be relevant to prove up the duress element, but I think the duress element can be proven simply by the witness's testimony that she said 'no' several times at the event." The trial court agreed with defense counsel and redacted from the interview the evidence of child abuse by spanking with a belt.

11

51 Cal.4th at p. 248, fn. 12.) Section 288, subdivision (a), makes it a felony to "willfully and lewdly" commit "any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." Section 288, subdivision (b)(1), proscribes any such conduct committed "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury . . . ." "Where no physical harm to the child has occurred, the prosecution has the burden of proving (1) that the defendant used physical force substantially different from or substantially in excess of that required for the lewd act and (2) that the lewd act was accomplished against the will of the victim. The prosecution may satisfy its burden on the latter issue by proving the physical force was such as would reasonably demonstrate that the lewd act was undertaken against the will of the victim under all circumstances, including the ages and sizes of the defendant and the victim. The prosecution need not prove that the victim resisted the lewd act." (*Cicero*, *supra*, at pp. 484-485.) Here, there was no evidence the victim sustained physical harm.

Under section 288, subdivision (b)(1), "'duress' means "'a direct or implied *threat* of force . . . sufficient to coerce a reasonable person of ordinary susceptibilities""" to do or submit to something that person would not otherwise have done or submitted to. (*Veale*, *supra*, 160 Cal.App.4th at p. 46, quoting *Cochran*, *supra*, 103 Cal.App.4th at p. 13.) Force is "a method of obtaining a child's participation in a lewd act in violation of a child's will . . . ." (*Cicero*, *supra*, 157 Cal.App.3d at p. 476.) "[T]hreats need not be express, but may be inferred from conduct. [Citation.] Silent threats, of course, generate

12

fear." (*People v. Reyes* (1984) 153 Cal.App.3d 803, 811.) The victim's age and size are relevant to a determination of whether the victim's participation has been obtained by duress. "'"Where the defendant is a family member and the victim is young, . . . the position of dominance and authority of the defendant" . . . [are] relevant to the existence of duress.'" (*Veale*, *supra*, at p. 49, quoting *People v. Schulz* (1992) 2 Cal.App.4th 999, 1005.)

In *Cochran*, the court stated, "as a factual matter, when the victim is as young as this victim and is molested by her father in the family home, in all but the rarest cases duress will be present." (*Cochran*, *supra*, 103 Cal.App.4th at p. 16, fn. 6.) In *Cochran*, the defendant was a foot and a half taller than the nine-year-old victim and outweighed her by about 100 pounds. (*Id*. at p. 15; see also *People v. Pitmon* (1985) 170 Cal.App.3d 38, 51, overruled on other grounds as stated in *Soto*, *supra*, 51 Cal.4th at p. 248, fn. 12 [finding the evidence sufficient to establish duress, even though the victim testified the defendant did not use force, violence, or threats when the victim "was eight years old, an age at which adults are commonly viewed as authority figures. The disparity in physical size between an eight-year-old and an adult also contributes to a youngster's sense of [her] relative physical vulnerability."].)

Defendant argues there was insufficient evidence of duress, because there was no evidence of "'the use of direct or implied threat of force, violence, danger, hardship, or retribution.'" But, as in *Cochran*, the molestation took place in the family home when mother was not home. Although he was Doe 1's stepfather, defendant occupied a position of authority in the family and Doe 1 loved him and believed he was her

13

biological father.  He was older, taller and bigger than Doe 1, who was only 10 years old when defendant committed a lewd act upon her.  When she loudly told him to stop, he told her to be quiet and then whispered something to her that Doe 2 could not hear.  Further, Doe 1 explained that after he stopped, he pulled her out and squeezed her arm.  It is reasonable to infer that these circumstances along with the considerable disparity in size and age between her and defendant contributed to Doe 1's sense of duress.  Moreover, Doe 1 testified that she was uncomfortable and scared.

In sum, substantial evidence supports a finding that defendant committed the charged offenses by means of force, fear, and/or duress.

## IV.  DEFINITIONS OF "FORCE" AND "DURESS" AS TO COUNT 1

The jury was instructed that forcible sexual penetration (§ 289, subd. (a)) required proof the defendant committed a nonconsensual sexual penetration via a foreign object, by force, violence, duress, menace, or fear of immediate and unlawful bodily injury.  (CALCRIM No. 1045.)  The jury was further instructed:  "An act is accomplished by force if a person uses enough physical force to overcome the other person's will.  [¶] Duress means a direct or implied threat of force, violence or danger that is enough to cause a reasonable person of ordinary sensitivity to do or submit to something that he or she would not otherwise do or submit to.  When deciding whether the act was accomplished by duress, consider all the circumstances, including the age of the other person and her relationship to the defendant."

Defendant, for the first time on appeal, objects to the instructions defining "force" and "duress," claiming they lowered the prosecution's burden of proof as to the charge of

14

aggravated sexual assault of a child by means of penetration (§§ 269, subd. (a)(5), 289, subd. (a)).

Relying on *Soto*, *supra*, 51 Cal.4th at p. 238, defendant challenges CALCRIM No. 1045's definition of "force" as outdated. In that case, our high court addressed the issue of consent in the context of a violation of section 288. It held that given the "clear legislative intent expressed in the plain language of section 288(b)(1), . . . consent of the victim is not a defense to the crime of aggravated lewd conduct on a child under age 14. The prosecution need not prove that a lewd act committed by use of force, violence, duress, menace, or fear was also against the victim's will." (*Soto*, *supra*, at p. 248.) Specifically, the court noted that in 1981, the Legislature *deleted* the requirement that the acts proscribed in section 288, when accompanied by force, violence, duress, menace, or threat of great bodily harm, *be against the will of the victim*. (*Soto*, *supra*, at p. 240.) Rather, a conviction under section 288, subdivision (b), only required a showing that the force used be "'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.'" (*Soto*, *supra*, at p. 242.) Relying on this language in *Soto*, defendant argues "these principles apply to a prosecution for aggravated sexual assault of a child committed by sexual penetration by a foreign object, sections 269, subdivision (a)(5) and 289, subdivision (a), count one." We disagree.

Unlike the language in section 288,[5] section 289, subdivision (a), proscribes "an act of sexual penetration upon a child who is under 14 years of age, when the act is

_____

[5] "(a) Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes

*[footnote continued on next page]*

15

accomplished *against the victim's will* by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim . . . ." (§ 289, subd. (a)(1)(B), italics added.) The inclusion of the words "against the victim's will" means the element of force in section 289 offenses is less like the lewd acts laws (*Cicero*, *supra*, 157 Cal.App.3d at p. 474 [conviction of forcible lewd act requires physical force that is substantially different from or substantially greater than that necessary to accomplish the lewd act itself]) and more like the rape statute at issue in *People v. Griffin* (2004) 33 Cal.4th 1015, 1027 [conviction for forcible rape requires the jury to determine "whether the use of force served to overcome the will of the victim to thwart or resist the attack . . . ."]). (*Asencio*, *supra*, 166 Cal.App.4th at pp. 1204-1205.) "Because . . . the forcible sexual penetration statute is conceptually akin to the rape statute, we discern no reasoned basis to apply a different concept of the term 'force' to forcible rape and forcible oral copulation on the one hand (per *Griffin* and [*People v. Guido* (2005) 125 Cal.App.4th 566]), and to forcible sexual penetration on the other. We conclude that forcible sexual penetration within the meaning of section 289, subdivision (a)(1) is proven when a jury finds beyond a reasonable doubt that the defendant accomplished an act of sexual penetration by the use of force sufficient to overcome the victim's will. [Citations.]" (*Asencio*, *supra*, at pp. 1205.)

---

*[footnote continued from previous page]*
provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished . . . . [¶] (b) [¶] (1) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim of another person, is guilty of a felony . . . ." (§ 288, subds. (a), (b)(1).)

For the above reasons, the trial court correctly instructed the jury with CALCRIM No. 1045 and the instruction correctly defines force. Because defendant offers the same argument in support of his claim that the definition of the "duress" was incorrect, we apply the same analysis and reject his contention. CALCRIM No. 1045, in its entirety, instructed the jury on the applicable law.

## V.  CALCRIM NO. 1128

Defendant faults the trial court for failing to instruct the jury with the required mens rea to find him guilty of sexual penetration with a child 10 years of age or younger, as alleged in count 2.  (§§ 288.7, subd. (b), 289.)

Defendant was charged with violating section 288.7, subdivision (b), by "willfully and unlawfully participat[ing] in an act of oral copulation or sexual penetration, as defined in Penal Code section 289, with JANE DOE, a person who is 10 years of age or younger."  As previously noted, the jury received "CALCRIM 1045. SEXUAL PENETRATION BY FORCE, FEAR OR THREATS (Pen. Code, § 289(a)(1), (2), (g)."  It also received "CALCRIM 1128. ENGAGING IN SEXUAL PENETRATION WITH CHILD 10 YEARS OF AGE OR YOUNGER (Pen. Code, § 288.7(b)."  While CALCRIM No. 1045 stated that "Sexual penetration means penetration, however slight, of the genital or anal opening of the other person for the purpose of sexual abuse, arousal, or gratification,"  CALCRIM No. 1128 provided only that "Sexual penetration means penetration, however slight, of the genital opening of the other person."  Defendant contends the omission of the words "for the purpose of sexual abuse, arousal, or

17

gratification" from CALCRIM No. 1128 amounts to a failure to instruct the jury on the required mens rea, and thus, requires reversal of his conviction on count 2.  We disagree.

## A.  Standard of Review

A defendant has a right to have the jury determine every element of the charged offenses.  (*People v. Flood* (1998) 18 Cal.4th 470, 480-481.)  "We determine whether a jury instruction correctly states the law under the independent or de novo standard of review.  [Citation.]  Review of the adequacy of instructions is based on whether the trial court 'fully and fairly instructed on the applicable law.'  [Citation.]  '"In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole . . . [and] assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given." [Citation.]'  [Citation.]  'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.'  [Citation.]"  (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

## B.  Analysis

Here, when we consider the instructions as a whole, we cannot conclude the omission of the words "for the purpose of sexual abuse, arousal, or gratification" (or the mens rea element) from CALCRIM No. 1128 requires reversal.  These words are essentially indistinguishable from the words used in CALCRIM No. 1045, which instructed the jury that "[s]exual penetration means penetration, however slight, of the genital or anal opening of the other person for the purpose of sexual abuse, arousal, or gratification."  Further, the jury received "CALCRIM 251. UNION OF ACT AND

18

INTENT: SPECIFIC INTENT OR MENTAL STATE," which instructed: "The crimes charged in this case require proof of the union, or joint operation, of act and wrongful intent. [¶] For you to find a person guilty of the crimes in this case, that person must not only intentionally commit the prohibited act, but must do so with a specific intent or mental state. The act and the specific intent or mental state required are explained in the instruction for that crime. [¶] The specific intent or mental state required for the crimes is one of sexual intent to appeal to the lust, passions or sexual desires of defendant or victim." Thus, the instructions, as a whole, defined the charged crime of forcible sexual penetration, including the requirement that the charged act be committed "for the purpose of sexual abuse, arousal or gratification."

Notwithstanding the above, and as the People point out, the jury's verdicts on the parallel counts of aggravated sexual assault (count 1) and forcible lewd acts (count 3) demonstrate that the jurors did indeed consider whether defendant acted with the requisite mens rea to convict of sexual penetration. As to both counts 1 and 3, the jury was instructed on the requisite mens rea that defendant's purpose was for "sexual abuse, arousal, or gratification" and "arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child." Because the jury convicted defendant of both counts 1 and 3, it is clear that the issue of defendant's sexual intent was necessarily and repeatedly resolved against him by other proper instructions. Therefore, any error in instructing the jury as to count 2 was harmless beyond a reasonable doubt. (*Stark v. Superior Court* (2011) 52 Cal.4th 368, 407 [failure to instruct with guilty knowledge requirement is harmless where the conduct in the challenged count is the basis of parallel

19

counts]; *People v. Bolden* (2002) 29 Cal.4th 515, 560, [failure to instruct on an essential element of a special circumstance is subject to a harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18, 24].)

## VI.  FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSE

Defendant contends the trial court had a sua sponte duty to instruct the jury that nonforcible lewd act with a child under 14 years of age (§ 288, subd. (a)) is a lesser included offense of each of the charged counts.  Defendant further contends the trial court's failure to do so requires reversal.

### A.  Applicable Legal Principles

"A court must instruct sua sponte on general principles of law that are closely and openly connected with the facts presented at trial.  [Citations.]  This sua sponte obligation extends to lesser included offenses if the evidence 'raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense.  [Citations.]'  [Citations.] . . . 'A criminal defendant is entitled to an instruction on a lesser included offense only if [citation] "there is evidence which, if accepted by the trier of fact, would absolve [the] defendant from guilt of the greater offense" [citation] *but not the lesser*.  [Citations].'  [Citation.]  [¶]  The requirement that courts give sua sponte instructions on lesser included offenses 'is based in the defendant's constitutional right to have the jury determine every material issue presented by the evidence.  [Citations].'  [Citation.]"  . . . [¶] . . . .[¶]  To determine whether a lesser offense is necessarily included in the charged offense, one of two tests (called the 'elements' test and the 'accusatory pleading' test) must be met.  The elements

20

test is satisfied when "'all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' [Citations.] Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.] [¶] Under the accusatory pleading test, a lesser offense is included within the greater charged offense "'if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.]' [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 287-289 (*Lopez*).)

**B. Analysis**

Applying the elements test, we compare the elements of the offense of lewd act on a child (§ 288, subd. (a)), with those in offense of aggravated sexual assault on a child by sexual penetration (§§ 269, subd. (a)(5), 289, subd. (a); count 1); sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b), 289; count 2); and forcible lewd act on a child (§ 288, subdivision (b)(1); count 3)

Section 288, subdivision (a), states a felony offense for any person who "willfully and lewdly commits any lewd or lascivious act" upon the body of a child under the age of 14, "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." "*Any* touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim. [Citation.]" (*Lopez*, *supra*, 19 Cal.4th at p. 289.) Nonaggravated lewd

21

conduct (§ 288, subd. (a)) is not a lesser included offense to aggravated sexual assault on a child by sexual penetration (§§ 269, subd. (a)(5), 289, subd. (a); count 1) or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b), 289; count 2). Nonaggravated lewd conduct on a child under the age of 14 in violation of section 288, subdivision (a) is a specific intent crime. (*People v. Warner* (2006) 39 Cal.4th 548, 556.) It requires the specific intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child. (*People v. Raley* (1992) 2 Cal.4th 870, 907.) However, neither aggravated sexual penetration in violation of section 289, subdivision (a)(5), nor sexual penetration of a child 10 years of age or younger in violation of section 288.7, subdivision (b), require any specific intent or purpose. (*People v. Dillon* (2009) 174 Cal.App.4th 1367, 1380 ["forcible sexual penetration is a general intent crime"].) Rather, they are committed "against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (§ 289, subd. (a)(1).) No specific intent to arouse the passions of the perpetrator or victim is required. Thus, under the statutory elements test, nonaggravated lewd conduct is not a necessarily included lesser offense to aggravated sexual penetration or sexual penetration of child 10 years of age or younger, because the greater offenses can be committed without the specific intent of arousing the passions of the perpetrator or the victim, a necessary element of a violation of section 288, subdivision (a). The trial court did not have a duty to instruct sua sponte on nonaggravated lewd conduct as lesser included offenses in counts 1 and 2.

22

The People concede that a lewd act on a child (§ 288, subdivision (a)) is a lesser included offense of forcible lewd act on a child (§ 288, subd. (b)(1)). (*People v. Ward* (1986) 188 Cal.App.3d 459, 470-473; *People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1318-1319.) However, they argue that "the trial court in this case was not required to instruct the jury on the lesser included offense because there was no substantial evidence that [defendant] only violated subdivision (a) when he committed count 3." We agree. As previously noted in section III.C., *ante*, subdivisions (b) and (a) of section 288 on their face distinguish "between those lewd acts that are committed by force and those that are not." (*Cicero*, *supra*, 157 Cal.App.3d at p. 473.) Substantial evidence supports the jury's finding that defendant committed the act against the victim with force and duress.

Notwithstanding the above, the People note the trial court did instruct on the lesser included offenses of attempted lewd acts on a child under 14 with force, fear or duress (CALCRIM No. 460); simple battery (CALCRIM No. 960); and simple assault (CALCRIM No. 915). If the jury had believed that defendant touched Doe 1 without force or duress, it would have found defendant guilty of one of the lesser offenses.

## VII. IS FORCIBLE LEWD ACT A LESSER INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT?

Defendant contends that his conviction (count 3) pursuant to section 288, subdivision (b)(1) for forcible lewd act on a child should be reversed because it is a necessarily lesser included offense of his conviction (count 1) pursuant to sections 269, subdivision (a)(5) and 289, subdivision (a), for aggravated sexual assault. We disagree.

23

## A.  Applicable Legal Standard

In California, it has long been held that multiple convictions may not be based on necessarily included offenses.  (*People v. Pearson* (1986) 42 Cal.3d 351, 355.)  This is a judicially created exception to section 954, which expressly allows a defendant to be convicted of "'any number of the offenses charged.'"  (§ 954; *People v. Ramirez* (2009) 45 Cal.4th 980, 984 (*Ramirez*); see also *People v. Ortega* (1998) 19 Cal.4th 686, 692.)  When multiple convictions are based on necessarily included offenses, the conviction for the greater offense is controlling, and the conviction for the lesser offense must be reversed.  (*People v. Pearson*, *supra*, at p. 355.)

There are two tests for determining whether an offense is necessarily included in another:  the "'elements' test" and the "'accusatory pleading' test."  (*Ramirez*, *supra*, 45 Cal.4th at pp. 984-985.)  Both tests are used in determining whether a defendant received adequate notice of the charges against him and may therefore be convicted of an uncharged crime, but only the elements test is used in determining whether a defendant may be convicted of multiple charged crimes.  (*People v. Reed* (2006) 38 Cal.4th 1224, 1229-1230; see also *People v. Scheidt* (1991) 231 Cal.App.3d 162, 165-166 [observing that "only a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding"], 168-171 [explaining the origins of and reasons underlying the judicially created bar against multiple convictions based on necessarily included offenses].)

Under the elements test, we look strictly to the statutory elements of the offenses, not to the facts of the case.  (*Ramirez*, *supra*, 45 Cal.4th at p. 985.)  We ask whether

24

"""all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]'" (*Lopez*, *supra*, 19 Cal.4th at p. 288.) In other words, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (*Ibid*.; see also *People v. Montoya* (2004) 33 Cal.4th 1031, 1034.)

### B. Analysis

Section 289, subdivision (a)(1)(A), proscribes the offense of "sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." The elements include: (1) sexual penetration, (2) a child under 14 years of age and who is seven or more years younger than the perpetrator, (3) accomplished against the victim's will, and (4) by means of force, violence, duress, menace, fear or threat to retaliate. (CALCRIM Nos. 1045, 1123.)

Section 288, subdivision (b)(1), proscribes lewd or lascivious acts upon the body of a child under the age of 14, "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child" when committed by "use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." (§ 288, subds. (a) & (b)(1).) The elements include: (1) willfully touching any part of a child's body either on the bare skin or through clothing, (2) by using force, violence duress, menace, or fear of immediate and unlawful bodily injury to the child or someone else, (3) with the intent of arousing, appealing to, or

25

gratifying the lust, passions, or sexual desires of defendant or the child, and (4) the child is under the age of 14 years.  (CALCRIM No. 1111.)

Considering the above, forcible lewd conduct with a child requires the specific intent "of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ."  (§ 288, subd. (a).)  However, aggravated sexual penetration, which formed the basis for the aggravated sexual assault charge, is a general intent crime containing no "sexual gratification" specific intent element.  (*People v. Dillon*, *supra*, 174 Cal.App.4th at p. 1380.)  Moreover, as we previously noted in section IV above, aggravated sexual penetration only requires the force be enough to overcome the child victim's will.  (*Asencio*, *supra*, 166 Cal.App.4th at p. 1205.)  However, the force required for forcible lewd conduct is the physical force that is "'substantially different from or substantially greater than that necessary to accomplish the lewd act itself."  (*Cochran*, *supra*, 103 Cal.App.4th at p. 13.)

For the above reasons, a section 288, subdivision (b), offense is not a lesser included offense to sexual assault based on forcible sexual penetration.

## VIII.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


　　　　　　　　　　　　　　　HOLLENHORST
　　　　　　　　　　　　　　　　　　　　　　　J.

We concur:


RAMIREZ
　　　　　　　P.J.

KING
　　　　　J.